UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-402-GWU

GERALDINE ALSIP, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Geraldine Alsip brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Ibid</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Alsip, a former sanitation worker, cook, caterer, deli worker, maid and café manager, suffered from impairments related to a history of a fall with a head injury and degenerative disc disease of the cervical spine. (Tr. 11, 16). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 14). Since the claimant was found capable

of return to her past café management work, she could not be considered totally disabled.  (Tr. 16).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Alsip could return to her past relevant work, the ALJ relied heavily upon the testimony of Vocational Expert James Miller.  The hypothetical question initially presented to Miller included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than frequently stoop, kneel, crouch or crawl; (3) an inability to frequently push or pull with the non-dominant right upper extremity; (4) no overhead motions with the right upper extremity; and (5) no more than occasional overhead gazing.  (Tr. 63-64).  In response, Miller testified that the plaintiff's past work as a café manager could still be performed.  (Tr. 64).  The ALJ then inquired as to the effect of a limitation concerning a need to avoid awkward placement of the neck.  (Id.).  The expert indicated that the café manager position would be compatible with such a restriction. (Tr. 65).  Therefore, assuming that the vocational factors considered by the vocational expert fairly characterized the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical factors considered by Miller fairly characterized the severity of Alsip's condition. Dr. Roy Stauffer examined the plaintiff and noted a diagnostic impression of a history of a fall with a head and neck injury involving a concussion, a loss of consciousness and continued neck pain with degenerative disc disease and spurs. (Tr. 279). Despite these problems, Dr. Stauffer opined that the plaintiff retained the ability to perform light level work restricted from the full range by difficulty pushing and pulling repetitively with her right upper extremity, an inability to climb ladders, ropes or scaffolds, a "limited" ability to repetitively stoop, kneel, crouch and crawl, and a limited ability to reach overhead with the right upper extremity. (Id.). The ALJ's findings were consistent with this opinion. Therefore, this opinion supports the administrative decision.

Dr. Robert Johnson examined Alsip in March of 2006, shortly before her alleged onset date of July, 2006. (Tr. 196). Dr. Johnson noted a history of head and neck injury which resulted in the plaintiff losing her senses of taste and smell, having a sore spot in the back of her head and developing a fear of heights. (Tr. 197). The doctor found no significant clinical findings with no muscular guarding or neurological impairment. (Tr. 204). Dr. Johnson opined that she would need to avoid placing her head in awkward positions for the neck such as working overhead and having to look up a lot or turning the head frequently into awkward or uncomfortable positions. (Tr. 206). These restriction were essentially consistent

with the limitations presented to Miller.  Thus, this report also provides support for the administrative decision.

Dr. John Rawlings, a non-examining medical reviewer, opined that Alsip retained the ability to perform light level work, restricted from a full range by an inability to ever climb ladders, ropes or scaffolds and a "limited" ability to reach, handle and finger. (Tr. 314-321).  The manipulative restrictions related to problems concerning use of the right upper extremity.  (Tr. 285, 317).[1]  The hypothetical factors were also essentially compatible with this opinion.

More severe physical restrictions than those found by the ALJ were not identified by such treating and examining sources as the staff at Marymount Medical Center (Tr. 177-194), the staff at the Baptist Regional Medical Center (Tr. 207-247), the staff at the University of Kentucky Medical Center (Tr. 259-260), Dr. Robert Hoskins (Tr. 261-270), Dr. Todd Stokes (Tr. 271-275, 290-291), the staff at Lexington Clinic (Tr. 292-310), Dr. Alam Khan (Tr. 327-338), the staff at the Knoxville Breast Center (Tr. 339-342), and the Ulrich Medical Center (Tr. 343-349). Therefore, these reports also do not support Alsip's disability claim.

Dr. David Delapena, Alsip's treating family physician at the London-Corbin Clinic, identified extremely severe physical restrictions on a Physical Capacities

---

[1]Dr. Rawlings affirmed the findings on this point made by an earlier reviewer who was not an "acceptable medical source" under the federal regulations at 20 C.F.R. § 404.1513.

Evaluation form including an inability to sit for more than one hour a day, stand for more than one hour a day, walk for more than one hour a day and perform any postural activities. (Tr. 312). The vocational expert could not identify any jobs remaining available when he considered these restrictions. (Tr. 65-66). The ALJ rejected this opinion as binding and the plaintiff asserts that this decision was erroneous. (Tr. 16). The ALJ indicated rejecting the opinion because it was not well supported by clinical data, the failure of the doctor to attach any updated radiographic or diagnostic studies, and was contradicted by the doctor's own clinical findings and those of other physicians of record such as Dr. Stauffer and Dr. Johnson. (Id.). Dr. Delapena's sparse treatment notes only mention problems with neck pain, sinusitis and hot flashes. (Tr. 322). Therefore, the ALJ's finding appears appropriate.

Alsip argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Alsip was found to be suffering from a potentially painful condition.  However, even if she could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs.  A July, 2006 MRI scan of the cervical spine revealed degenerative disc disease at C5-C6 and C6-C7, a central osteophyte at C5-C6 reaching the spinal cord but not compressing it, and a disc protrusion at C6-C7. (Tr. 260).  Dr. Stauffer's physical examination revealed a normal gait and station with cranial nerves intact.  (Tr. 278).  Motor strength in the right hand and right upper extremity were decreased but sensation was intact.  (Id.).  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated the claimant's pain complaints.

Alsip argues that her medical problems would prevent her from maintaining employment and, so, she could not meet the durational requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff v. Commissioner of Social Security</u>, 172 F.3d 690 (9th Cir. 1999).  However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  <u>Gatliff</u>, 172 F.3d at 692.  In the present action, Alsip has

not identified similar evidence suggesting that she would not be able to maintain employment.  Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 20th day of August, 2010.

Signed By:
*G. Wix Unthank*
United States Senior Judge